IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY PAVLISKA, | § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. 4:16-CV-03324 |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL ADMINISTRATION, | § § § § § | |
| Defendant. | § | |

## AMENDED[1] MEMORANDUM AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Magistrate Judge in this social security appeal is Plaintiff's Motion for Summary Judgment and Brief in Support (Document No. 10) and Defendant's Motion for Summary Judgment (Document No. 9) and Brief in Support. (Document No. 9-1). After considering the cross motions for summary judgment, the administrative record, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant's Motion for Summary Judgment (Document No.9) be GRANTED, Plaintiff's Motion for Summary Judgment (Document No. 10) be DENIED, and the decision of the Commissioner be AFFIRMED.

---

[1] This Memorandum and Recommendation is amended solely to correctly reflect in the title the relief that is substantively recommended herein.

## I. Introduction

Plaintiff, Jerry Pavliska, ("Pavliska") brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB"). Pavliska argues that substantial evidence does not support the Administrative Law Judge's ("ALJ") decision, and the ALJ, Allen G. Erickson, committed errors of law when he found that Pavliska was not disabled. According to Pavliska, "By failing to either credit or give a reason for not crediting the un-controverted Dr. Thompson the ALJ abused his discretion and failed to give [Pavliska] a fair hearing within the spirit of the [Social Security Act]." (Document No. 10, page 5). Pavliska seeks an order reversing the ALJ's decision and remanding his claim for further consideration. The Commissioner, in contrast, argues that there is substantial evidence in the record to support the ALJ's decision that Pavliska was not disabled, that the decision comports with applicable law, and that the decision should, therefore, be affirmed.

## II. Administrative Proceedings

Pavliska protectively filed for DIB on April 5, 2013, claiming he has been disabled since October 7, 2012, due to status-post left leg and ankle fractures, pain disorder, hypertension, obesity, back pain, status-post closed head injury and left shoulder pain. (Tr. 12). The Social Security Administration denied his application at the initial and reconsideration stages. (Tr.103-107, 109-112). Thereafter, Pavliska requested a hearing before an ALJ. (Tr. 113). The Social Security Administration granted his request, and the ALJ held a hearing on January 15, 2015.

(Tr. 24-69). On May 8, 2015, the ALJ issued a decision finding that Pavliska was not disabled. (Tr. 7-23).

Pavliska sought review by the Appeals Council of the ALJ's adverse decision. The Appeals Council will grant a request to review an ALJ's decision if any of the following circumstances are present: (1) it appears that the ALJ abused his discretion; (2) the ALJ made an error of law in reaching his conclusion; (3) substantial evidence does not support the ALJ's actions, findings, or conclusions; (4) a broad policy issue may affect the public interest or (5) there is new and material evidence and the decision is contrary to the weight of all the record evidence. The Appeals Council, on September 10, 2016, concluded that there was no basis upon which to grant Pavliska's request for review (Tr. 1-3). The ALJ's findings and decision thus became final. Pavliska has timely filed his appeal of the ALJ's decision. The Commissioner has filed a Motion for Summary Judgment (Document No. 9). Likewise, Plaintiff has filed a Motion for Summary Judgment (Document No. 10). This appeal is now ripe for ruling.

The evidence is set forth in the transcript, pages 1 through 349. (Document No. 5-3).

### III. Standard for Review of Agency Decision

The court, in its review of a denial of disability benefits, is only "to [determine] (1) whether substantial evidence supports the Commissioner's decision, and (2) whether the Commissioner's decision comports with relevant legal standards." *Jones v. Apfel*, 174 F.3d 692, 693 (5th Cir. 1999). Indeed, Title 42, Section 405(g) limits judicial review of the Commissioner's decision as follows: "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Act specifically grants the district court the power to enter judgment, upon the pleadings, and

transcript, "affirming, modifying, or reversing the decision of the Commissioner of Social Security with or without remanding the case for a rehearing" when not supported by substantial evidence. *Id.* While it is incumbent upon the court to examine the record in its entirety to decide whether the decision is supportable, *Simmons v. Harris*, 602 F.2d 1233, 1236 (5th Cir. 1979), the court may not "reweigh the evidence in the record nor try the issues de novo, nor substitute its judgment" for that of the Commissioner even if the evidence preponderates against the Commissioner's decision. *Chaparo v. Bowen*, 815 F.2d 1008, 1009 (5th Cir. 1987); *see also Jones* at 693; *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985). Conflicts in the evidence are for the Commissioner to resolve. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992).

The United States Supreme Court has defined "substantial evidence," as used in the Act, to be "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence is "more than a scintilla and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). The evidence must create more than "a suspicion of the existence of the fact to be established, but no 'substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (quoting *Hemphill v. Weinberger*, 483 F.2d 1127 (5th Cir. 1973)).

## IV. Burden of Proof

An individual claiming entitlement to disability insurance benefits under the Act has the burden of proving his disability. *Johnson v. Bowen*, 864 F.2d 340, 344 (5th Cir. 1988). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. *Id.* § 423(d)(3). The impairment must be so severe as to limit the claimant in the following manner:

> he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* § 423(d)(2)(A). The mere presence of an impairment is not enough to establish that one is suffering from a disability. Rather, a claimant is disabled only if he is "incapable of engaging in any substantial gainful activity." *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992) (quoting *Milan v. Bowen*, 782 F.2d 1284 (5th Cir. 1986)).

The Commissioner applies a five-step sequential process to determine disability status:

1. If the claimant is presently working, a finding of "not disabled" must be made;

2. If the claimant does not have a "severe" impairment or combination of impairments, he will not be found disabled;

3. If the claimant has an impairment that meets or equals an impairment listed in Appendix 1 of the Regulations, disability is presumed and benefits are awarded;

4. If the claimant is capable of performing past relevant work, a finding of "not disabled" must be made; and

5. If the claimant's impairment prevents him from doing any other substantial gainful activity, taking into consideration his age, education, past work experience, and residual functional capacity, he will be found disabled.

*Id.*, 954 F.2d at 293; *see also Leggett v. Chater*, 67 F.3d 558, 563 n.2 (5th Cir. 1995); *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991). Under this formula, the claimant bears the burden of proof on the first four steps of the analysis to establish that a disability exists. If successful,

the burden shifts to the Commissioner, at step five, to show that the claimant can perform other work. *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999). Once the Commissioner demonstrates that other jobs are available, the burden shifts, again, to the claimant to rebut this finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). If, at any step in the process, the Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Leggett*, 67 F.3d at 563.

In the instant action, the ALJ determined, in his May 8, 2015, decision that Pavliska was not disabled (Tr. 7-23). In particular, the ALJ determined that Pavliska had not engaged in substantial gainful activity since October 7, 2012, his alleged onset date (Tr. 12, step one); that Pavliska's status-post left leg and ankle fractures and pain disorder were severe impairments (Tr. 12, step two); that Pavliska does not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 (Tr. 14, step three); that based on the record, Pavliska has the residual functional capacity ("RFC") to perform light level work (Tr. 15), with the ability to lift and carry 20 pounds occasionally, lift and carry 10 pounds frequently, stand and walk for only 2 hours out of an 8-hour workday (Tr. 15). Pavliska could not climb ladders, ropes or scaffolds or use foot controls with his left foot. He is limited to sitting for 6 out of the 8 hours of a workday, only occasionally climbing stairs and ramps, and only occasionally being exposed to vibrations or extreme cold (Tr. 15). The ALJ found that Pavliska can understand, remember and carry out detailed, but not complex, instructions (Tr. 15). Using that RFC, the ALJ, at step four, found that Pavliska could not perform any past relevant work (Tr. 18). At step five, the ALJ found, based on Pavliska's age (48 at the time of application, which is defined under the Act as a younger individual), high school education, ability to communicate in English, work experience, RFC, and the testimony

of a vocational expert, that there are jobs, which exist in significant numbers in the national and regional economy, that Pavliska was capable of performing, such as an electric seal operator, assembly press operator, and bottling line attendant (Tr. 19), and that he was not therefore disabled within the meaning of the Act (Tr. 20). As a result, the Court must determine whether substantial evidence supports the ALJ's step five finding.

In determining whether substantial evidence supports the ALJ's decision, the court generally weighs four factors: (1) the objective medical facts; (2) the diagnosis and expert opinions of treating, examining and consultative physicians on subsidiary questions of fact; (3) subjective evidence as testified to by the plaintiff and corroborated by family and neighbors; and (4) the plaintiff's educational background, work history, and present age. *Wren*, 925 F.2d at 126. As discussed below, because Pavliska raises only one discrete issue in this appeal, those four factors have very limited applicability.

## V. Discussion

The sole issue raised by Pavliska in this appeal, maintains that the ALJ abused his discretion, "by failing to give credit or give a reason for not crediting" (Document 10, at 5) Dr. Thompson's determination that Pavliska was illiterate (Tr. 345-349). According to Pavliska, had the ALJ not abused his discretion and found that Pavliska was literate, Pavliska, "should have been found disabled pursuant to the criteria in 20 CFR 200.00 (h)(1)." (Document 10, at 4). The Commissioner responds that the ALJ did not abuse his discretion in rejecting Dr. Thompson's opinion, because Dr. Thompson's opinion, "was based on invalid, uncorroborated diagnoses" (Document 11, at 5) and "substantial evidence supports the ALJ's decision." (Document 11, at 5).

An, "ALJ may reject a physician's opinion if the evidence supports a contrary conclusion." *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). This includes literacy opinions, which are not considered to be medical opinions and are not entitled to any greater weight. *Pena v. Astrue*, 271 Fed.Appx. 382 (5th Cir. 2008).

The ALJ specifically addressed Pavliska's literacy and Dr. Thompson's related opinion in his written decision. In finding that Dr. Thompson's opinion was entitled to no weight, the ALJ wrote:

> [Dr. Thompson] opined also that the claimant is illiterate and "permanently disabled and unable to work" (Id.). Simply put, there is not a shred of other evidence in the record which corroborates these diagnoses at all, nor that the claimant is illiterate. The various primary care, orthopedic, and neurologic visits the claimant has had in the relevant timeframe do not indicate such impairments (See Exhibits 2F, 4F, 6F, 7F). There are no school records to corroborate or verify such impairments. There is no psychiatric treatment to corroborate such impairments. In fact, the psychiatric consultative examination did not indicate such impairments (Exhibit 3F), although the claimant did allege being in special education in high school and having difficulty reading and spelling (Id). The undersigned also notes that the claimant has had past relevant work as a truck driver and pipeline setter, both semi-skilled occupations, presumably requiring appropriate training and study. Accordingly, the undersigned does not find that these diagnoses by Dr. Thompson are credible or valid and finds them to be non-medically determinable impairments. The undersigned also assigns no weight at all to Dr. Thompson's opinion as to the claimant's disability as it is based on invalid, uncorroborated diagnoses.
>
> Finally, at the hearing, the claimant specifically alleged dyslexia, but there are no school records or other records such as vocational or occupational training records to verify such a claim. As such, the undersigned finds that this claim is not a medically determinable impairment.

(Tr. 13-14). The ALJ's opinion is reflective of the record. In particular, none of the referenced various primary care, orthopedic, and neurologic visits indicate that Pavliska is illiterate (Tr. 278-293, 300-326, 336-337, 242-344). No school records were provided for the trial record

(Document 5-2). The record reflects that Pavliska was a truck driver and a pipeline setter and that both of those occupations are semiskilled (Tr. 31-38).

In addition, the ALJ's rejection is supported by other items in the record that he does not specifically reference. For example, two different doctors on two separate occasions classified Pavliska as literate under the Social Security Medical-Vocational Guidelines (Tr. 80-81, 96-97). Additionally, in another psychological evaluation (Tr. 294-299), Pavliska, "denied history [sic] of grade failures or expulsions", despite his difficulty reading and spelling, which would suggest he was at least partially literate. (Tr. 296). The record also shows that Pavliska has at least some ability to successfully spell words upon request. (Tr. 298). The record, as a whole, supports the ALJ's rejection of Dr. Thompson's opinion about Pavliska's literacy.

The Fifth Circuit's Decision in *Pena v. Astrue* is also instructive. In *Pena*, the ALJ expressed similar concerns about Mr. Pena's literacy that mirror the concerns expressed by the ALJ in this case. *Pena, 271 F. App'x* at 384–85. Amongst the concerns cited by the ALJ in *Pena* were Mr. Pena's education level (which was lower than Pavliska's) and Pena's history of performing general life tasks (i.e. reading grocery lists). *Id.* These concerns, which were reflected in the ALJ's decisions, were determined by the Fifth Circuit to be sufficient, under the substantial evidence standard, to justify the ALJ's decision to reject the opinion that Mr. Pena was illiterate. *Id*, at 385.

Based on the holdings in *Pena v. Astrue* and *Martinez v. Chater*, the ALJ was entitled to reject Dr. Thompson's literacy opinion, because the opinion was contested, uncorroborated by the record, and the ALJ discussed his reasons for rejecting the opinion. Pavliska's sole issue in this appeal must therefore be rejected. In addition, because Pavliska does not challenge any other aspect of the ALJ's decision and because the Commissioner has detailed the substantial evidence

in the record that supports the ALJ's RFC and step five determination (Document 9-1), the Commissioner's decision denying Pavliska's application for disability insurance benefits should be affirmed.

## V. Conclusion and Recommendation

Based on the foregoing, the ALJ did not err by rejecting Dr. Thompson's report. The Magistrate Judge

RECOMMENDS that Plaintiff's Motion for Summary Judgment (Document No. 10), be DENIED, that Defendant's Motion for Summary Judgment (Document No. 9) be GRANTED and that the Commissioner's decision be AFFIRMED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. Thomas v. Arn, 474 U.S. 140 (1985); Ware v. King, 694 F.2d 89 (5th Cir. 1982), cert. denied, 461 U.S. 930 (1983); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 7th day of August, 2017

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE